IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO  DIVISION

CHS INC., formerly known as CENEX                                    PLAINTIFF
HARVEST STATES COOPERATIVES

v.                              CASE NO. 3:07-CV-00184 BSM

LOTSIP, INC.; JOHN S. GRESHAM;
CAROL M. GRESHAM; JERRY W.
SHARP; and CAROLYN C. SHARP                                          DEFENDANTS


<u>ORDER</u>

        Having reviewed Plaintiff's Motion to Enforce Settlement Agreement, the Brief in Support

thereof, and the documents attached to the Motion to Seal Declarations and Exhibits in Support of

Plaintiff's Motion to Enforce Settlement Agreement [Document #14], the court finds that the motion

is unopposed and therefore should be granted.

        Plaintiff filed this action on December 5, 2007 [Document #1] seeking damages in the

amount of $517,354.16.  Defendants answered on January 11, 2008 [Document #8], generally

denying Plaintiff's claim to the damages specified in the complaint.  On April 23, 2008, Plaintiff

filed a motion [Document #14] and supporting brief [Document #15] seeking to enforce a settlement

that Plaintiff claims was entered by the parties.  On the same day, Plaintiff submitted to the court,

under seal, certain documents that Plaintiff moved to have filed under seal [Document 16], which

Plaintiff claims supports its motion to enforce settlement agreement.  Plaintiff has also submitted a

proposed judgment and a proposed order to be entered by the court.  Defendant failed to respond to

Plaintiff's motions and brief.

        There are two key questions presented in the motion to enforce settlement agreement: (1)

whether the parties' communications clearly manifest an intent to settle; and (2) if the answer to the

first question is yes, then, whether the court is presented with enough evidence to clearly show what the terms of the settlement agreement are.  It is clear, after reviewing all of the documents presented by Plaintiff, including those under seal, that the parties clearly intended to settle the case.

The second question, however, is more difficult to answer than the first question.  During settlement negotiations on February 29, 2008, Plaintiff delivered a written, broad-based, settlement offer to Defendants.  The offer included a number of terms addressing various conditions to settlement and the penalties Defendants would suffer if they failed to comply with the agreement. On the same day, Defendants' duly authorized representative wrote that Defendants "agree in principal" to the settlement offer.  Defendants' representative asked Plaintiff to have his legal counsel prepare the settlement documents for Defendants to review.  The record shows that Plaintiff's counsel prepared a formal settlement agreement but that Defendants neither signed nor complied with the formal agreement.

Although the parties clearly manifested an intent to settle the case, it is somewhat unclear whether Defendants agreed to each of the terms of Plaintiff's settlement offer.  The court, therefore, must look to see if Defendants' response to Plaintiff's motion to enforce the settlement agreement offers a plausible defense to Plaintiff's motion.  And here is where the case truly turns, because Defendants offered no response to the motion.  Therefore, the court must accept all allegations contained in Plaintiff's motion and supporting documents as accurately reflecting the will of the parties.  For these reasons, it is ordered adjudged and decreed as follows:

1.     Judgment is rendered in favor of CHS Inc. and against Lotsip, Inc. on Count I of the Complaint in the total amount of $395,187.55 as of March 12, 2008, consisting of principal in the amount of $383,503.82 and interest in the amount of $11,683.73, plus interest at the rate of $84.06

per day from March 13, 2008 to the date of the entry of this judgment.  This judgment shall continue to bear interest at the rate of 1.98% per annum until paid in full.

2.      Judgment is rendered in favor of CHS Inc. and against Lotsip, Inc. on Count II of the Complaint in the total amount of $42,336.86 as of March 12, 2008, consisting of principal in the amount of $41,085.17 and interest in the amount of $1,251.69, plus interest at the rate of $9.00 per day from March 13, 2008 to the date of the entry of this judgment.  This judgment shall bear interest at the rate of 1.98% per annum until paid in full.

3.      Judgment is rendered in favor of CHS Inc. and against Lotsip, Inc. on Count III of the Complaint in the total amount of $96,449.03 as of March 12, 2008, consisting of principal in the amount of $92,765.19, interest in the amount of $2,683.84, and attorneys' fees and costs in the amount of $1,000.00, plus interest at the rate of $20.33 per day from March 13, 2008 to the date of the entry of this judgment.  This judgment shall bear interest at the rate of 1.98% per annum until paid in full.

4.      Judgment is rendered in favor of CHS Inc. and against John S. Gresham and Carol M. Gresham, jointly and severally, on Count IV of the Complaint in the total amount of $533,973.44 as of March 12, 2008, consisting of principal in the amount of $517,354.18, interest in the amount of $15,619.26, and attorneys' fees and costs in the amount of $1,000.00, plus interest at the rate of $113.39 per day from March 13, 2008 to the date of the entry of this judgment.  This judgment shall bear interest at the rate of 1.98% per annum until paid in full.

5.      CHS Inc. shall also collect all of its reasonable attorneys' fees and legal expenses incurred in attempting to execute on or enforce this judgment.

6.      This is a final judgment as to Counts I, II, III, and IV of the Complaint.  There is no

just reason for delay and the Court expressly directs the entry of the judgment in accordance with

Rule 54 of the Federal Rules of Civil Procedure.

     IT IS SO ORDERED this 12th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE